UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KBM WORLDWIDE, INC.

                Plaintiff,

    -against-

SEALAND NATURAL RESOURCES, INC.
AND GREGORY D. MAY,

                Defendants.

------------------------------------------------------------x

**CV-15 3279**

Civil Action No.:

**WEXLER, J**
**LINDSAY, M.**

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUN 05 2015  ★

**LONG ISLAND OFFICE**

## COMPLAINT

Plaintiff, KBM Worldwide, Inc. ("KBM"), files this Complaint and alleges the following:

### I. SUMMARY

1.    KBM brings this action for equitable relief and damages caused by violations of the antifraud provisions of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5(b) thereunder by GREGORY D. MAY ("May") and Sealand Natural Resources, Inc. ("the Corporate Defendant"), (collectively, jointly and severally, with May, "the Defendants"). Through this action, KBM seeks to recover losses caused by the Defendants' intentional and/or reckless misconduct, including compensatory and/or rescissory damages, which losses may only be avoided if the equitable relief and injunctive relief described herein below is granted.

2.    That at all relevant times, May was and remains a Director of the Corporate Defendant.

3.    That KBM was an investor in the Corporate Defendant and was well-known to the Defendants. KBM's business strategy at the time of the stock purchases and loans and

issuance of notes at issue was to invest in publicly-traded, nano-cap companies whose securities are traded on the Over the Counter Bulletin Board, OTCQB and the "Pink Sheets." Nano-cap companies, such as the Corporate Defendant, are often capital-constrained, as their low market capitalization hinders their access to banks or investment firms. KBM provides capital to such companies, as an investment in return for shares purchased at a discount to market price.

4.      That KBM invested $153,500 in the Corporate Defendant by purchasing securities directly from the Corporate Defendant and making loans thereto ($80,000 of which has been repaid through the conversion process), and has sustained damages of $150,250 exclusive of attorney's fees, pre judgment interest, costs and late fees.

## II.      JURISDICTION AND VENUE

5.      This action arises under the anti-fraud provisions of the Securities Exchange Act of 1934 (15 U.S.C. §78j(b)), and Securities and Exchange Commission Rule 10b-5 (17 C.F.R. §240.10b-5). The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa). Defendants, directly and indirectly, singly or in concert, made use of the means and instrumentalities of interstate commerce, the means and instruments of transportation and communication in interstate commerce, or of the mails in connection with the acts, practices and courses of conduct alleged in this Complaint, certain of which occurred within the Eastern District of New York.

6.      Venue is proper in this court pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b), because certain of the transactions, acts, practices, and courses of conduct constituting violations of duties established by the Federal Securities Laws occurred within this judicial district. Additionally, KBM transacts business and maintains its principal place of business in this district. That further, the Corporate Defendant has

contractually agreed with KBM to fix venue for any action in the State of New York, County of Nassau, which is within the Eastern District and the jurisdiction of this Court.

7.      That in connection with the acts alleged in this Complaint, the Defendants directly or indirectly used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

### III. PARTIES

8.      That at all times relevant herein, KBM has been and remains a corporation organized and existing under the laws of the State of New York with an office for business in the County of Nassau, not engaged in the banking business.

9.      That at all times relevant herein, the Corporate Defendant has been and remains a corporation organized and existing under the laws of the State of Nevada, within an office for business in the State of Nevada, County of Washoe.

10.      That at all times relevant herein, defendant May has been and remains a resident of the State of California, County of San Diego.

### IV.      FACTUAL ALLEGATIONS

11.      That heretofore and from time to time, the Defendants have made material misrepresentations of fact to KBM, knowing that such misrepresentations were false, and upon which KBM relied and was damaged.

12.      That as a result of these material misrepresentations, KBM invested $153,500 in the Corporate Defendant and sustained damages thereby.

## AS AND FOR A FIRST CAUSE OF ACTION
## PROMISSORY NOTES DEFAULTS

13.     KBM repeats and realleges each and every allegation contained in paragraphs 1 through 12 of this Complaint with the same force and effect as if fully set forth at length herein.

14.     That on or about May 20, 2014, the Corporate Defendant, as borrower, made, executed and delivered to KBM a convertible promissory note ("the Note") in the amount of $153,500, which Note was issued pursuant to a Securities Purchase Agreement ("the Agreement") of even date, which provided for certain issuance of, and conversion rights in and to the common stock of the Corporate Defendant.

15.     That the agreements between the parties provided that venue for any action between the parties would be the State of New York, County of Nassau pursuant to §4.6 of the Convertible Promissory Note and §5 of the Securities Purchase Agreements.

16.     That in the Note, the Corporate Defendant: (i) granted KBM the right to convert all or any part of the outstanding and unpaid principal amount and accrued interest of the Note into fully paid and non-assessable shares of common stock of the Corporate Defendant; and (ii) agreed that an Event of Default of the Note shall occur upon the failure of the Corporate Defendant to timely issue shares of common stock of the Corporate Defendant to KBM upon receipt of a conversion notice delivered pursuant to the Note.

17.     That the Corporate Defendant has willfully and unlawfully refused to deliver the Conversion Shares and rather has intentionally sought to hinder, delay and avoid the Corporate Defendant's conversion obligations pursuant to the Note and Agreement at the direction of May, which actions were beyond the scope of his status and duties as Officer and Director of the Corporate Defendant, and instead were undertaken for his own personal gain.

18.     That the defendant May expressly directed the Corporate Defendant to refuse to comply with the reporting requirements of the Securities and Exchange Act of 1934 by failing and refusing to make the required filings under the Federal Securities Laws with the Securities and Exchange Commission (hereinafter "SEC"), and further advised the plaintiff of his direct instructions to the Corporate Defendant not to comply with any of the requirements of the Exchange Act.

19.     That by virtue of the foregoing, the Corporate Defendant is in default under the Note and no such default has been cured.

20.     That the Corporate Defendant and May have not cured the defaults with respect to the failure to comply with the reporting requirements of the Securities and Exchange Act of 1934 by failing and refusing to make the required filings under the Federal Securities Laws with the Securities and Exchange Commission (hereinafter "SEC") thereby causing damages to KBM in an amount to be determined by the Court but not less than an amount equal to $230,250 ($153,500 X 150%) (which has been reduced by KBM receiving the sum of $80,000 by use of the conversion process, thereby leaving an outstanding balance of $150,250) together with applicable interest thereon.  These additional damages arise from the fact that the Note expressly provides that in the event of an uncured default; the obligor will be responsible for payment of 150% of the amount of the principal balance then due as liquidated damages and not as a penalty.

21.     That moreover, pursuant to Section 1.4(g) of the Note, the Corporate Defendant acknowledged that the liquidated damages provision contained in Section 1.4(g) is justified as damages resulting from a failure, attempt to frustrate, interference with the conversion rights are difficult if not impossible to qualify, and that the default amount was reasonable under the circumstances.

22.     That the Corporate Defendant and May's actions have caused damages to KBM in an amount to be determined by the Court but not less than an amount equal to $150,250 together with applicable interest thereon. That a true copy of a Notice of Default dated August 21, 2014 that was served upon the Corporate Defendant is annexed hereto and incorporated herein by reference as Exhibit "A".  That in addition, the due date for payment of the amount of principal and interest payable under the Note was February 23, 2015, and that said maturity date has now come and gone.  The Corporate Defendant has failed to make payment of either principal or interest even though the maturity date for payment under the Note has passed despite due demand for such payment.  Thus, the Corporate Defendant is in default yet again for a separate and distinct legal reason, and KBM is entitled to and demands judgment in the sum of $150,250 plus interest and late fees.

## AS AND FOR A SECOND CAUSE OF ACTION
### FRAUD IN THE INDUCEMENT

23.     KBM repeats and realleges each and every allegation contained in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth at length herein.

24.     That KBM made an investment in the aggregate amount of One Hundred Fifty Three Thousand Five Hundred Dollars ($153,500.00) (less the $80,000 that was recouped as referenced above) in the Corporate Defendant as a result of the foregoing transactions and as a result of the Defendants' defaults and intentional wrongdoing has not received any repayment of principal or interest on the Note and has also been deprived of its rights and opportunities to convert the debt into Conversion Shares as aforesaid.

25.     That KBM's willingness to assent to the terms of the investment and the Notes, and the investment itself, was caused by the fraudulent misrepresentations of the Corporate

Defendant and May contained within the Note, Agreement and confirmed within resolutions of the Board of Directors of the Corporate Defendant including but not limited to the representations that the Corporate Defendant would not fail to comply with the said SEC requirements conversion of the Note, which misrepresentation was the most crucial and important of all because it was always the bargain for expectation of KBM and the intention of the parties that the repayment of the Note would occur via the conversion process.

26.     That upon information and belief, the Corporate Defendant and May, acting in concert and based upon a conspiracy between them, made the foregoing misrepresentations with the knowledge that KBM would rely thereon, and that the Corporate Defendant had no intention to honor its obligations under the Note, and the Agreement and May acted unilaterally, outside of the scope of his status and duties as an Officer and Director and for his own personal gain solely to hinder, delay and avoid the Corporate Defendant's conversion obligations pursuant to the Note and Agreement.

27.     That as a result of the foregoing, KBM has been irreparably harmed.

28.     That the Corporate Defendant's and May 's actions have caused damages to KBM in an amount to be determined by the Court but not less than an amount equal to $73,500 together with applicable interest thereon.

## AS AND FOR A THIRD CAUSE OF ACTION
## BREACH OF CONTRACT – LOST PROFITS

29.     KBM repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth at length herein.

30.     That as a direct result of the defaults of the Defendants and their failure to abide by their contractual obligations, KBM has been deprived of, and continues to be deprived of, the

opportunity to acquire and to sell the common stock of the Corporate Defendant at a profit, which profits have been irretrievably lost as the markets for the common stock can no longer be recreated.

31.     That by reason of the foregoing, KBM is entitled to judgment in an amount to be determined by the Court and equal to the lost profits that KBM would have realized had the stock been made available and delivered to KBM in accordance with its Conversion Notice.

## AS AND FOR A FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT – LITIGATION EXPENSES

32.     KBM repeats and realleges each and every allegation contained in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth at length herein.

33.     That the Agreement provides that in the event of a dispute and/or litigation between the parties, the prevailing parties shall be entitled to recover all of its litigation expenses including reasonable attorney fees.

34.     That by reason of the foregoing, KBM is entitled to a judgment against Defendants for the reasonable legal fees and litigation expenses paid or incurred in this action.

## AS AND FOR A FIFTH CAUSE OF ACTION FRAUD:
## VIOLATIONS OF SECTION 10(b) of the EXCHANGE ACT
## [15U.S.C. §78j(b) and Rule 10(b)-5b THEREUNDER [17 C.F.R.§240.10b-5 (b)]

35.     KBM repeats and realleges each and every allegation contained in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth at length herein.

36.     That through the foregoing conduct, the Corporate Defendant, together with and acting in concert with May, knowingly and recklessly engaged in manipulation and deceptive conduct in connection with a securities transaction in violation of 15U.S.C. §78j(b) and the Rules

and regulations promulgated thereunder, by failing to disclose and misrepresenting the true nature of their intentions as set forth above.

37.     That the Defendants further engaged in knowing manipulation and deceptive conduct by directly representing and warranting that the Corporate Defendant and May would honor its obligations pursuant to the Note, and Agreement when in truth and in fact they had no intention to do so.

38.     That in reliance on the foregoing misrepresentations and material omissions by the Defendants, KBM was induced to purchase the Corporate Defendant's securities and to make loans to the Corporate Defendant as aforesaid.

39.     That as a direct and proximate result of the Defendant's conduct, KBM suffered damages, in an amount to be determined by the Court, for not less than $150,250.

## AS AND FOR A SIXTH CAUSE OF ACTION – INJUNCTIVE AND EQUITABLE RELIEF

40.     KBM repeats and realleges each and every allegation contained in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth at length herein.

41.     That the total amount due to KBM is $150,250 exclusive of any additional liquidated damages, consequential damages, default interest, statutory prejudgment interest, legal fees, court costs and litigation expenses.

42.     That while KBM is clearly entitled to a money judgment, the Corporate Defendant is clearly incapable of satisfying any such judgment obtained.

43.     That in its most recent filing required under the Federal Securities Laws, the Corporate Defendant concedes that it has total assets that are exceeded by its total liabilities thus rendering it insolvent.

44.     That the Corporate Defendant also represents therein that for that period it had a net loss and that at the end of the period, it had insufficient cash to meet its obligations, thus rendering it insolvent.

45.     That the only viable avenue available to KBM to obtain repayment of the outstanding Note is by exercising its conversion rights and thereby obtaining unrestricted shares of stock in the Corporate Defendant and selling those shares on the open market.

46.     That at present there is an active market for the Corporate Defendant's stock which continues to trade in significant volume.

47.     That so long as that activity continues and assuming that KBM's conversion rights are not frustrated or impeded, KBM will be able to obtain the unrestricted shares, sell them in the market place, and recover the outstanding principal indebtedness owed to it as well as anticipated profits.

48.     That the market for the shares of stock in the Corporate Defendant is extremely volatile, such that there can be no assurance that the current level of activity will continue to be sustained.

49.     That if as and when such trading subsides or is curtailed, any shares obtained by KBM may at that time no longer be saleable thereby preventing KBM from recovering the indebtedness due it, thereby leading to irreparable harm based on unrecoverable judgments.

50.     That time is of the essence, and to prevent KBM from suffering such irreparable harm, KBM must immediately be permitted to exercise its conversion rights, and the Defendants must be immediately directed to cooperate with the same and to deliver the shares of stock at issue after complying with the SEC requirements as aforesaid.

51.     That because of the nature, condition, and value of the stock which KBM seeks to acquire in this action is unique to it under the facts and circumstances presented, and because KBM will suffer and sustain irreparable damage that cannot be recovered through a money judgment against the Defendants, KBM has no adequate remedy at law and is entitled to equitable relief.

52.     That by virtue of the foregoing, KBM is entitled to and demands a judgment directing the Defendants to execute and deliver all documents necessary to complete the conversion process and to deliver the stock sought by KBM and to which it is contractually entitled in the form of a mandatory injunction.

## AS AND FOR AN SEVENTH CAUSE OF ACTION

53.     KBM repeats and realleges each and every allegation contained in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth at length herein.

54.     That the defendant May was fully aware at all times of the existence and the valid and binding nature of the contracts and agreements between KBM and the Corporate Defendant.

55.     That May intentionally and with malice aforethought caused the Corporate Defendant to breach its contractual agreements with KBM without any legal or factual justification based upon the breaches and defaults contained herein above.

56.     That May caused these breaches and defaults to take place for his own personal benefit and to maintain a higher stock price and stock value for his own holdings, and for his own financial benefit, and not for the benefit of the Corporate Defendant.

57.     That as a result, May is liable to KBM under the theory of intentional interference with contract, as the contracts at issue were in fact breached, thereby causing damages to KBM of at least $150,250.

WHEREFORE, KBM demands judgment against Defendants as follows:

(i)      For $150,250 on the First Cause of Action;

(ii)     For $73,500 on the Second Cause of Action;

(iii)    For an amount of lost profits to be determined by the Court but in no event less than $150,250 on the Third Cause of Action;

(iv)    Awarding KBM its reasonable legal fees and costs of litigation on the Fourth Cause of Action;

(v)     For an award of consequential damages in an amount to be determined by the Court but no less than $150,250 on the Fifth Cause of Action;

(vi)    For a temporary restraining order and a preliminary and permanent injunction against the Defendants directing that said Defendants and their agents, servants and employees immediately take all steps necessary and proper to permit the conversion of debt to stock and to deliver the stock at issue as described above on the Sixth Cause of Action;

(vii)   For an award of damages to be determined by the Court but no less than $150,250 on the Seventh Cause of Action;

(viii)  Together with the costs and disbursements of this action, interest at the rate of default as set forth in the Note; pre-judgment interest as provided by statute, and such other and further relief as the Court may deem just and proper.

Dated: Great Neck, New York
       June 4, 2015

NAIDICH WURMAN LLP

By: _____
    Richard S. Naidich, Esq. (RSN 4102)
    111 Great Neck Road, Suite 214
    Great Neck, NY 11021
    Telephone:516-498-2900
    Facsimile:516-466-3555
    Attorneys for Plaintiff –
    KBM WORLDWIDE, INC.



Exhibit A

# NAIDICH WURMAN BIRNBAUM & MADAY, LLP

*Attorneys at Law*

RICHARD S. NAIDICH
KENNETH H. WURMAN
RONALD C. MADAY (RET.)

JUDAH A. EISNER

80 CUTTERMILL ROAD, SUITE 410
GREAT NECK, NEW YORK 11021
TELEPHONE (516) 498-2900
FACSIMILE (516) 466-3555
WWW.NWBMLAW.COM

MARK BIRNBAUM
BERNARD S. FELDMAN
ROBERT P. JOHNSON

OF COUNSEL

August 21, 2014

### NOTICE OF DEFAULT

*VIA E-MAIL (lp@sealandbirk.com);*
*(tatenhan@epochfinancial.com)*
*& FEDERAL EXPRESS*
Sealand Natural Resources, Inc.
50 W. Liberty Street #880
Reno, Nevada 89501

ATTN: Lars Poulsen, CEO

RE:     KBM Worldwide, Inc. with Sealand Natural Resources, Inc.

Dear Mr. Poulsen:

As you know, KBM Worldwide, Inc. (the "Investor") made loans to Sealand Natural Resources, Inc. (the "Company") and the Company executed, among other things one or more Convertible Promissory Note(s) (the "Note(s)"). We have reviewed the Form 8-K, dated August 11, 2014 signed by you and Steve Matteson, Chief Financial Officer, and filed with the Securities and Exchange Commission, which provides in pertinent part that the "Previously Issued Financial Statement", contained in the Company's quarterly report on Form 10-Q/A should not be relied upon, since it failed to properly account for certain expenses and deposits. Accordingly, that filing did not comply with the reporting requirements of the Exchange Act. The Note(s) provides in pertinent part that the Company shall be in default if it fails to comply with the reporting requirements of the Exchange Act.

Based upon the foregoing, the Company is now in default under the Note(s). Demand is hereby made for the immediate payment as provided in the Note(s) a sum representing 150% of the remaining outstanding principal balances, together with Default Interest as provided for in the Note(s) (the "Default Amount"). Your failure to comply with the demand of this letter will result in the investor, exercising all rights under the Note(s). Additionally, should the Default Amount not be paid within 5 business days from the date of this letter, in addition to all the other rights and remedies available to it, the Investor shall in its sole discretion convert the Default Amount into equity as provided for in the Note(s).

Very truly yours,

Bernard S. Feldman,
Of Counsel

BSF:ms
Cc: KBM Worldwide, Inc.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK          Civil Action No.:

KBM WORLWIDE, INC.,

                         Plaintiff,

          -against-

SEALAND NATURAL RESOURCES, INC.
and GREGORY D. MAY,

                         Defendants.

---

### SUMMONS AND COMPLAINT

---

**NAIDICH WURMAN LLP**
**ATTORNEYS FOR PLAINTIFF**
**111 GREAT NECK ROAD - SUITE 214**
**GREAT NECK, NEW YORK 11021**
**(516) 498-2900**

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

DATED:  June 4, 2015                    Signature: _____
                                        Print:  Richard S. Naidich, Esq.

---

Service of a copy of the within                    is hereby admitted.
Dated:                                             _____
                                                   Attorney(s) for

---

PLEASE TAKE NOTICE
_____

NOTICE          that the within is a (certified) true copy of an Order entered
OF ENTRY        in the office of the clerk of the within named Court on          , 20____.
_____

NOTICE OF       that an Order of which the within is a true copy will be presented for
SETTLEMENT      settlement to the Hon.                     , one of the judges of
                within named Court, at                on          , 20_____ at
                a.m.


DATED: Great Neck, New York
         June 4, 2015            NAIDICH WURMAN LLP
                                 Attorneys for Plaintiff
                                 111 Great Neck Road - Suite 214
                                 Great Neck, New York 11021
                                 (516) 498-2900